# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LEIDA LABORDE,**

               **Plaintiff,**

**v.**                                                          **Case No:  6:15-cv-1146-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

               **Defendant.**

---

# MEMORANDUM OF DECISION

Leida Laborde (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability and disability insurance benefits.  Doc. No. 1; R. 158-63.  On appeal, Claimant asserts two (2) assignments of error.  First, Claimant argues the ALJ erred by assigning little weight to Dr. Ralph Marino's opinion.  Doc. No. 18 at 10-16.  Second, Claimant argues the Appeals Council erred by not remanding the case to the Administrative Law Judge (the "ALJ") to consider Dr. Noris Franco's opinion.  *Id*. at 20-24.[1]  Claimant argues the case should be reversed and remanded for further proceedings.  *Id*. at 27-28.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.     STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence

---

[1] Dr. Franco's opinion was rendered and submitted after the ALJ's decision.  R. 685-89.

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.    ANALYSIS.

As previously mentioned, Claimant filed an application for a period of disability and disability insurance benefits ("DIB"). R. 17, 158-63. For DIB claims, a claimant is eligible for benefits where he or she demonstrates disability on or before his or her date last insured. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Claimant alleged disability beginning on April 18, 2008. R. 17, 159. Claimant last met the insured status requirements of the Social Security Act on December 31, 2013. R. 19. Therefore, Claimant was required to demonstrate she was disabled on or before December 31, 2013. *Moore*, 405 F.3d at 1211. Bearing this in mind, the Court turns to Claimant's arguments.

### A.  Dr. Marino.

Claimant argues the ALJ erred by assigning little weight to Dr. Marino's "Medical Source

Statement" (the "Opinion") addressing her exertional and nonexertional impairments.  Doc. No. 18 at 10-16.  Specifically, Claimant argues the ALJ's reasons for assigning little weight to the Opinion are not supported by substantial evidence.  *Id*.  The Commissioner argues the ALJ's reasons for assigning little weight to the Opinion are supported by substantial evidence, and provide good cause to assign the Opinion little weight.  *Id*. at 17-20.

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity ("RFC") and ability to perform past relevant work.  *Phillips*, 357 F.3d at 1238 (citing 20 C.F.R. § 404.1520(a)(4)(iv)).  "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ is responsible for determining the claimant's RFC.  20 C.F.R. § 404.1546(c).  In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources.  20 C.F.R. § 404.1545(a)(1), (3); *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization.  20 C.F.R. § 404.1527(c).  A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *see also* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).

"Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

In December of 2011, Claimant began treating for neck and back pain with Dr. Marino, a pain management specialist. R. 328-29. Claimant treated with Dr. Marino on several occasions through February of 2012, during which he observed reduced range of motion in Claimant's lumbar spine. R. 313-14, 323-24, 328-29. Claimant underwent MRIs of her cervical and lumbar spine during her treatment with Dr. Marino, which revealed, among other things: bulging discs at C3-7, with the bulges at C5-7 being severe; bulging discs at L1-5, and an ependymoma (tumor) on her spine at L1-2. R. 319-22, 325-27.

On February 12, 2013, Claimant began treating for low back pain with Dr. Omar Quiles, a pain management specialist. R. 504-07. On physical examination, Dr. Quiles observed normal gait, erect posture, and normal range of motion in the cervical spine. R. 505. Dr. Quiles also observed, among other things, positive straight leg raises, and decreased range of motion in the lumbar spine with both flexion and extension, as well as tenderness to palpitation. *Id*. These observations remained consistent throughout Claimant's treatment with Dr. Quiles. *See* R. 494, 497, 500, 502.

On February 27, 2013, Dr. Marino rendered his Opinion. R. 486-87.[2] In terms of exertional limitations, Dr. Marino opined Claimant can occasionally lift/carry less than ten (10) pounds, stand/walk for a total of less than thirty (30) minutes in an eight-hour workday, and sit for a total

---

[2] On July 8, 2013, Dr. Marino also completed "Mental Residual Functional Capacity Assessment," which is not at issue on appeal. R. 513-14; *see* Doc. No. 18 at 16.

of less than thirty (30) minutes in an eight-hour workday.  R. 486.  In support, Dr. Marino cited to

Claimant's bulging discs and spinal tumor.  *Id.*[3]  In terms of postural limitations, Dr. Marino opined

Claimant cannot climb ramps/stairs/ladders, balance, stoop, kneel, crouch, or crawl.  *Id.*  In terms

of manipulative limitations, Dr. Marino opined Claimant can reach in all directions, handle, finger,

and feel for only a one-third (1/3) of an eight-hour workday.  *Id.*  Dr. Marino opined Claimant

would need to take a break every twenty (20) minutes, and is required to lay down during the day

to relieve pain.  R. 486-87.[4]

At step two of the sequential evaluation process, the ALJ found Claimant suffers from the

following severe impairments: status post laminectomy syndrome; high blood pressure; and

cervical spine degenerative disc disease.  R. 19.  At step four of the sequential evaluation process,

the ALJ found Claimant has the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b),[5]

with the following additional limitations:

> [S]he can occasionally stoop, kneel, crouch, crawl, and climb[,] but
> not climb ladders, ropes, or scaffolds.  The claimant should be able
> to sit at the work station up to 4 hours, as needed, but should avoid
> lifting overhead, working at heights and with dangerous machinery,
> exposure to concentrated temperature extremes, and constant direct
> contact with vibration.

R. 20.[6]  In reaching this finding, the ALJ concisely discussed Claimant's testimony and the medical

---

[3] In April of 2012, Claimant underwent a laminectomy and resection of the spinal tumor.  R. 330-32.

[4] Dr. Marino also opined about Claimant's visual and mental limitations.  R. 487.  However, Claimant does not challenge the ALJ's determination to assign little weight to those aspects of Dr. Marino's Opinion.  Doc. No. 18 at 16.

[5] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 C.F.R. § 404.1567(b).

[6] The ALJ ultimately concluded Claimant could perform her past relevant work as an administrative clerk, and did not continue onto step five of the sequential evaluation process.  R. 23.

evidence of record.  R. 20-22.  The ALJ did not discuss Dr. Marino's Opinion, but did weight it. R. 20-23.  Specifically, the ALJ assigned little weight to the Opinion "because [the] exertional and postural limitations are inconsistent with the medical evidence, which documents a normal gait, posture, and normal thoracic, lumbar, and cervical range of motion."  R. 22 (citing R. 309-29, 493-507).[7]

Claimant argues the reasons articulated in support of the weight assigned to Dr. Marino's Opinion are not supported by substantial evidence.  Doc. No. 18 at 10-16.  The ALJ found Dr. Marino's opinions concerning Claimant's exertional and postural limitations were entitled to little weight because they were inconsistent with "medical evidence, which documents a normal gait, posture, and normal thoracic, lumbar, and cervical range of motion."  R. 22.  In support, the ALJ cited to treatment notes from Drs. Marino and Quiles.  *Id*.  However, the treatment notes from those physicians reveal, among other things, that Claimant has experienced reduced range of motion in her spine.   Specifically, the treatment notes contain several examination findings indicating reduced range of motion in the lumbar spine.  R. 313, 323, 328, 505.  Thus, that aspect of the ALJ's finding is not support by substantial evidence.  The ALJ's statement concerning Claimant's gait and posture are supported Drs. Marino's and Quiles' treatment records. Nevertheless, the ALJ fails to explain, and it is not evident, how normal gait and posture undermine all of Dr. Marino's opinions concerning Claimant's exertional and postural limitations.[8] Therefore, on this record, the Court finds the case must be reversed and remanded so the ALJ can provide additional explanation in support of her determination to assign Dr. Marino's Opinion

---

[7] The ALJ also went on to explain why Dr. Marino's opinions concerning Claimant's vision and mental limitations were due little weight.  R. 22.  Those findings are not relevant in this appeal, because, as previously mentioned, Claimant does not challenge the ALJ's determination to assign little weight to those aspects of Dr. Marino's Opinion. *See* Doc. No. 18 at 16.

[8] For example, it is unclear how normal gait and posture have any bearing on Claimant's ability to sit for a prolonged period of time.

little weight.

Likewise, the Court finds the ALJ erroneously failed to address Dr. Marino's opinions concerning Claimant's manipulative limitations.  Dr. Marino opined Claimant has exertional, postural and manipulative limitations.  R. 486.  The ALJ does not address the manipulative limitations assessed by Dr. Marino anywhere in the decision.  R. 17-23.  The ALJ states she gave little weight to the Opinion because "the exertional and postural limitations are inconsistent with the medical evidence, which documents a normal gait, posture, and normal thoracic, lumbar, and cervical range of motion."  R. 22.  Thus, the ALJ does not address whether the assessed manipulative limitations, which are distinct from exertional and postural limitations, are inconsistent with the medical evidence.[9]  Therefore, the ALJ either agreed with the assessed manipulative limitations, but failed to explain why he did not include or otherwise account for them in her RFC determination, or she failed to weigh the portion of the Opinion concerning manipulative limitations.  In either case, the Court finds the ALJ's decision is not supported by substantial evidence as a result the ALJ's failure to account for and/or weigh the assessed manipulative limitations in Dr. Marino's Opinion.

The Commissioner does not argue harmless error.  Doc. No. 18 at 17-20.  Nevertheless, the Court has considered the issue, and finds the error discussed above is not harmless, since the manipulative limitations assessed by Dr. Marino are more restrictive than those in the ALJ's RFC determination, and may preclude Claimant from performing her past relevant work as an

---

[9] There are two (2) primary categories of limitations, exertional and nonexertional. 20 C.F.R. § 404.1569a(a).  An exertional limitation relates to a claimant's ability to meet the seven (7) strength demands of jobs: sitting; standing; walking; lifting; carrying; pushing; and pulling.  20 C.F.R § 404.1569a(b).  All other limitations are considered nonexertional, and include postural and manipulative limitations.  *Id*. at § 404.1569a(c).  Postural limitations include stooping, climbing, crawling, crouching, kneeling, and balancing.  *See Id*. at § 404.1569a(c)(1)(vi).  On the other hand, manipulative limitations include reaching, handling (gross manipulation), fingering (fine manipulation) and feeling.  *See Id*.; *see also Jackson v. Astrue*, 2009 WL 248491, at *4 (D. Kan. Feb. 3, 2009).

administrative clerk, which, according to the Dictionary of Occupational Titles, consists of frequent (1/3 to 2/3 of the workday) reaching, handling, and fingering.  U.S. Dep't of Labor, Dictionary of Occupational Titles, 219.362-010 (rev. 4th ed.1991), 1991 WL 671953.[10]  For all of these reasons, this matter will be remanded for further proceedings.

**III.**     **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.   The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 17, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Pamela Houston
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801

---

[10] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments.  *See Diorio v. Heckler,* 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.,* 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).